UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-mc-62-MOC-DSC

| | | |
|---|---|---|
| **MICHAEL JOSEPH MELICIA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **NANCY ANN O'SHEA,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Michael Joseph Melicia's pro se filings, titled "Motion to Confirm Arbitration Award," (Doc. No. 1), and "Affidavit and Request for Issuance of Writ of Execution," (Doc. No. 2). Plaintiff asserts in the motion that an arbitration award of more than $2 million has been entered against Defendant Nancy Ann O'Shea, and Plaintiff seeks to enforce the award against Defendant.

I. BACKGROUND

Plaintiff, who identifies himself in the motion as the "trust protector" of a trust titled "Sister's Trust," has attached the purported arbitration order as an exhibit. (Doc. No. 1-2). The attached exhibit purports to be an award from a company called Lamp Arbitration in Wichita Falls, Texas. A letter purportedly from Lamp Arbitration to "Sister's Trust" states, "Congratulations on this Arbitration Award. Attached is your unbound award for your convenience to make copies or file, as needed."

The arbitration "award" purports to be a "Foreign Arbitration Award" for "breach of contract," and the arbitrators are identified as "Peter Wilson Jones., Missouri; Diane Griffith, Oklahoma; and Sarah Abrams, Hawaii." The award states that an arbitration took place by "conference call" on January 6, 2020, between "Sister's Trust" and Defendant Nancy Ann

O'Shea, identified as a resident of Middleburg, Virginia. The award states that in 2017 the parties entered into a contract containing an arbitration clause, and that the contract stated that "trust assets" would be relocated "to the physical location known as [22929] Carters Farm Lane, Middleburg, Virginia, [20117] for the duration of one year." The award states that the parties agreed that defendant would store the "trust assets," valued at $850,000 for safe-keeping, and for "trust service performed by Claimant to restore, remodel, refurbish south end of Respondent's Homestead building" for an agreed-upon fee.

Plaintiff contends that defendant breached the contract, and the arbitration award purports to require defendant to return the "trust assets" of $850,000 and it also requires respondent to pay Plaintiff $2,558,000 in punitive and "harmful" damages. On the arbitration award page is a seal that states "LAMP common law arbitration United States Unincorporated People. De oppresso liber."

## II. DISCUSSION

District courts have "inherent authority to dismiss frivolous complaints." Traywick v. Med. Univ. of S.C., 671 F. App'x 85, 86 (4th Cir. 2016) (citing Mallard v. United States Dist. Court, 490 U.S. 296, 307–08 (1989)); see also Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee"). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A court may also dismiss a complaint as frivolous when the factual contentions are "clearly 'baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and

delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." Id. at 33.

Here, Plaintiff's request to confirm an arbitration award appears to have no basis in law or fact. Plaintiff seeks confirmation of an arbitration award that appears to be bogus, as it is nonsensical, and it does not appear to be awarded through a legitimate arbitration process. On April 21, 2020, this Court entered a show cause order, giving Plaintiff until May 11, 2020, to show cause why this action should not be dismissed as frivolous. The Court also instructed the Clerk's office to mail the Court's show cause order to Defendant Nancy O'Shea so that Defendant could have the opportunity to respond to Plaintiff's motion to confirm arbitration award. On May 12, 2020, both parties responded to the Court's order. (Doc. No. 4, 5). Defendant states in her response that she never participated in an arbitration with Plaintiff, and she denies the existence of any such arbitration award. Furthermore, in Plaintiff's own response, he has simply not shown that any valid arbitration award was ever entered against Defendant. The Court is satisfied that this action should be dismissed as frivolous, as there appears to be no valid arbitration award in this matter.

**ORDER**

**IT IS, THEREFORE, ORDERED that:**

(1) Plaintiff Michael Joseph Melicia's pro se filings, titled "Motion to Confirm Arbitration Award," (Doc. No. 1), and "Affidavit and Request for Issuance of Writ of Execution," (Doc. No. 2), are both **DENIED**.

(2) This action is dismissed without prejudice.

(3) The Clerk is instructed to terminate this action.

Signed: May 15, 2020

Max O. Cogburn Jr.